## Benge's Administrator v. Garrison, et al.

(Decided October 12, 1915.)

Appeal from Clay Circuit Court.

Evidence.—Evidence examined and judgment of chancellor reversed on facts.

RAWLINGS & WRIGHT and D. W. RAWLINGS for appellant.

H. C. FAULKNER, A. T. W. MANNING and W. E. FAULKNER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

On December 23, 1905, John B. Garrison, a brother of appellee, Sallie Bailey, executed to her two notes for one thousand dollars each, one due on July 1, 1906, and the other due on January 1, 1907. It is admitted by all parties that the note due July 1, 1906, was sold and assigned by endorsement on the back thereof to E. J. Benge by Sallie Bailey and her husband, B. F. Bailey. The dispute in this case arises over the question whether the note due January 1, 1907, which purports to have been sold and assigned by Sallie Bailey to E. J. Benge, was, in fact, sold and assigned by her. The appellant, as administrator of E. J. Benge, insists that it was; while Sallie Bailey contends that it was not.

The note itself shows, by an endorsement on the back thereof, that on September 28, 1906, it was assigned, for value received, to E. J. Benge. This endorsement is signed by what purports to be the signatures of Sallie Bailey and B. F. Bailey. E. J. Benge, who lived nearby Sallie Bailey, and with whom Sallie Bailey was well acquainted and apparently on terms of intimacy, died in November, 1911. In January, 1912, George A. Young was appointed and qualified as administrator of her estate, and in March, 1912, brought this suit against John B. Garrison on the one thousand dollar note due on January 1, 1907, and which was, as the endorsement purports, assigned to E. J. Benge in September, 1906.

To the petition Garrison filed an answer in which he denied that B. F. Bailey or Sallie Bailey had assigned the note to E. J. Benge and asked that Sallie Bailey be made a party to the action for the purpose of setting up her claim, if any, to the note.

In August, 1912, Sallie Bailey filed her petition to be made a party and made it a cross petition against John B. Garrison. In this pleading she set up that she did not sell or assign this note to E. J. Benge, but that her husband, B. F. Bailey, without her knowledge or consent, secured possession of the note and delivered it to E. J. Benge.

Other pleadings were filed and some other issues made, and after the case had been prepared for trial, it was submitted, and there was a judgment holding that Mrs. Bailey did not sell or assign the note to E. J. Benge or authorize any other person to sell or assign the same to her. From this judgment the administrator E. J. Benge prosecutes this appeal.

The two original notes for one thousand dollars are in the record, and there is also in the record a note for $2,083.86, dated January 27, 1909, executed by Sallie Bailey and B. F. Bailey to E. J. Benge. This note was secured by a mortgage executed by Sallie Bailey and her husband, and the original mortgage is also in the record.

The appellee, Sallie Bailey, testified without objection, and said, in substance, that the two notes were executed for land received by her from her father and which she sold to John B. Garrison, her brother, the payor in the notes. She said she did not sign her name to the endorsement on the back of the note or authorize any one else to sign her name; that she learned in 1908 or 1909 from her brother, John B. Garrison, that Miss Benge had possession of this note when he told her that he had been paying Miss Benge interest on it. She admitted that she signed the note and mortgage dated January 27, 1909, and also admitted that she sold to Miss Benge, for a valuable consideration, the one thousand dollar note due on July 1, 1906, and signed her name to the endorsement thereon, which note was subsequently paid by John B. Garrison to Miss Benge and delivered to him. She further said that she was informed before January 27, 1909, that her husband, B. F. Bailey, had let Miss Benge have the note, and that she knew this fact when she executed the mortgage and note in January, 1909. She further said that she had not taken any step whatever to recover the possession of this note from Miss Benge, nor did she ever say anything to her about it or demand payment of the note of Garrison.

Garrison testified that soon after September, 1906, the date of the endorsement of this note to E. J. Benge, he learned that she had possession of it. He also said, after examining the purported signature of Sallie Bailey to the note that he did not think she had signed her name.

J. W. Benge said, in substance, that Miss Benge told him that the Baileys had discounted to her one of the one thousand dollar notes, and that after that Mr. Bailey brought her the other note endorsed by himself, and promised to get Mrs. Bailey also to sign the note but had never done so; said this was before the trial of the case then pending between Miss Benge and one Abner Eversole; that Miss Benge claimed she bought the note from Mr. Bailey, who promised to have his wife also sign it.

On the one side, we have the evidence of Mrs. Bailey that she did not sign her name to the endorsement on this note or authorize any person to sign it for her, and the evidence of J. W. Benge that Miss Benge told him that Mr. Bailey brought the note to her and signed the endorsement and promised to get Mrs. Bailey also to sign it. The record does not show when this conversation related by J. W. Benge took place.

On the other hand, we have the endorsement on the back of the note itself purporting to have been signed by Sallie Bailey and B. F. Bailey, her husband. The signature of Sallie Bailey on this note was, in our opinion, written by the same person that wrote the name Sallie Bailey to the note for $2,083.86, and by the same person that wrote the name Sallie Bailey to the mortgage to secure this note, and that wrote the name Sallie Bailey to the note for one thousand dollars due July 1, 1906; and Mrs. Bailey admits that all of these signatures were made by her. In addition to this, the circumstances point strongly to the fact that she signed her name to this endorsement. Furthermore, Mrs. Bailey knew some three years before Miss Benge died that she had the possession of this one thousand dollar note. She lived within a short distance of Miss Benge, was well acquainted with her, and visited her more than once after obtaining this information, and yet never said a word to her about this note that she now claims was wrongfully in her possession. She knew about three years before Miss Benge died that she had this note but remained silent until after Miss Benge's death.

All of the circumstances in this case, taken in connection with the signatures on the papers that we have noticed, convince us that Mrs. Bailey did sign the note in question, and as this is the only issue in the case, the result is that the judgment must be reversed, with directions to enter a judgment on the note for the administrator in place of Mrs. Bailey.